## Cox Ex parte.

To warrant the reversal of the judgment of a County Court refusing to grant license to keep a grocery or dram-shop, upon the question of fact, whether the petition was signed by a majority of the resident voters of the township, it should affirmatively appear that the petition was so signed—the poll-book, showing the number of votes for constable, nearly a year previous, without other proof as to the number of voters, or that the petitioners were resident voters, insufficient.

*Appeal from Hempstead Circuit Court.*

The Hon. A. A. STITH, Circuit Judge.

S. H. HEMPSTEAD, for the appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

It appears from the record in this case, that on the 6th of April, 1857, Anson B. Cox presented to the county court of Hempstead county, a petition for license to keep a grocery or dram-shop in the town of Washington, signed by 173 citizens of Ozan township, in which the town of Washington is situated. He also tendered the sum of $100 to pay for the license. Also introduced in evidence the poll book of Ozan Township, showing that at the August election, 1856, the vote of the township for constable, as polled, was 310 votes, in all, for the two candidates running for the office

It was admitted that Cox had the requisite means, houses, furniture and fixtures to keep and carry on a grocery or dram-shop *as required by law.*

Upon the above showing and tender, he moved the Court to grant him license, etc.

Against the granting of the license, there was read to the

Court a remonstrance signed by 31 *citizens* of the township; also a remonstrance passed by the Alderman and Councilmen of the town of Washington.

The record states that the Court not being satisfied that the petition was signed by a majority of the *legal voters of Ozan Township*, refused to grant the license. Cox excepted, took a bill of exceptions, and appealed to the Circuit Court of Hempstead county, where the judgment of the County Court was affirmed, upon the record, and he appealed to this Court.

By the act of 11th January, 1855, (*Acts of* 1854, *p.* 125), it is not lawful for the County Court to grant a license for a grocery or dram-shop, except upon a petition, in favor of the applicant, "*signed by a majority of the resident voters*" of the political township in which the grocery or dram-shop is to be established, etc.

The statute prescribing no mode for ascertaining whether a majority of the *resident voters* of the township are upon a petition for license, or not, the County Court is left to determine the fact by the ordinary rules of evidence applicable to such matters.

Cox showed by the poll-book, that at the August election, 1856, but 310 votes were given, in Ozan Township, for constable; but whether all, or what portion of the *resident voters* of the township voted at the election, was in no way proven; nor was it shown that there had been no increase of the voting population of the township between the August election, 1856, and the time he presented his petition for license.

Moreover, it does not appear that it was, in any manner, proven to the Court that any of the persons, who signed the petition, were *resident voters* of the township.

To warrant the reversal of the judgment of the County Court, upon a mere question of fact, it should affirmatively appear that it was proven that the petition for license was signed by a majority of the resident voters of the township.

The judgment of the Circuit Court is affirmed.